FILED
SUPERIOR COURT
OF GUAM

2024 DEC -4 PM 4: 55

CLERK OF COURT

BY:_____ JN

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KAMLESH K. HEMLANI, individually and derivatively and in the name of and on behalf of RADHI PURAN TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWARP HEMLANI, VINOD I. & YOGITA V. HEMLANI, RADHI P. HEMLANI ESTATE, PARAMANAND MELWANI ESTATE, RADHI'S FOUNDATION, RADHI PURAN TRUST, RADHI FAMILY TRUST, PACIFIC RAINBOW, INC., SAFETY 1st SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, and DOES 1-95,<br><br>Defendants, | CIVIL CASE NO. CV1527-13<br><br><br>DECISION AND ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter came before the Honorable John C. Terlaje on August 23, 2024, for a Hearing on Defendant Radhi Puran Foundation's ("Defendants") Motion for Declaratory Summary Judgment against Plaintiff Kamlesh K. Hemlani, individually and derivatively and in the name of and on behalf of Radhi Puran Trust ("Plaintiff"). Present was Attorney Thomas M. Tarpley Jr. on behalf of Plaintiff, and Attorneys Rodney J. Jacob, Louie Yanza, Minakshi Hemlani, and Bill R.

Mann on behalf of Defendants. After reviewing the record, relevant law, and arguments from the parties the Court finds that Defendants successfully proved that there are no genuine issues as to material facts and that the Defendants are entitled to judgment as a matter of law. The Motion for Declaratory Summary Judgment is therefore **GRANTED**.

## PROCEDURAL BACKGROUND

1. Plaintiff's claim in this case originated in CV0758-12, where Defendant sought a declaration of the Court that Radhi Hemlani—settlor and trustee of Radhi Puran Trust—was incapacitated; Plaintiff also sought the Court remove Radhi Hemlani as trustee and name Plaintiff as trustee. Verified Compl. (June 25, 2012).

2. On July 10, 2013, Presiding Judge Lamorena issued a decision and order granting Defendant's Motion to Dismiss and ordering CV0758-12 dismissed. Decision & Order on Joint Mot. to Dismiss (July 10, 2013).

3. Presiding Judge Lamorena reasoned that Plaintiff did not have standing because Defendant was still alive and there was no finding of her incompetence. *Id.*

4. On August 13, 2013, Radhi Hemlani died, making the reasons stated for the dismissal moot. Suggestion of Death, Ex. A (Aug. 28, 2013).

5. Plaintiff filed a new complaint, which created case no. CV1527-13, and the case was originally assigned to the Honorable James L. Canto II. Notice of Judge Assignment (Feb. 13, 2014).

6. On July 14, 2015, Judge Canto issued a decision and order granting the Defendants' Motion to Dismiss and ordering CV1527-13 dismissed. Decision & Order (July 14, 2015).

2

7. Plaintiff appealed, and the Supreme Court of Guam reversed Judge Canto's rulings and remanded the case for further proceedings. *Kamlesh K. Hemlani v. Anita & Manu Melwani*, 2016 Guam 33.

8. On remand, this case was assigned to Presiding Judge Lamorena. Notice of Judge Assignment (Nov. 7, 2017).

9. Presiding Judge Lamorena issued a decision and order granting the Defendants' Motions for Summary Judgment and ordering CV1527-13 dismissed. Decision & Order (June 18, 2018).

10. Presiding Judge Lamorena reasoned that Plaintiff could not bring a lawsuit on behalf of the trust because he did not have permission of at least one other co-trustee. *Id.*

11. Additionally, Plaintiff did not have standing to challenge the MOS and the distributions made therefrom. *Id.*

12. Plaintiff appealed, and the Supreme Court of Guam affirmed the dismissal for lack of standing against the named estates or trusts, reversed the dismissal for lack of standing against the individual defendants, and remanded the case for further proceedings. *Kamlesh K. Hemlani v. Anita & Manu Melwani*, 2021 Guam 26.

13. On May 31, 2023, the case was assigned to Judge John C. Terlaje. Notice of Judge Assignment (May 31, 2023).

14. On June 12, 2023, Plaintiff filed its Request for Scheduling Conference. Pl.'s Req. for Scheduling Conference (June 12, 2023).

15. On July 5, 2023, Defendants filed their response to Plaintiff's Request for Scheduling Conference and Request for Scheduling Conference. Defs.' Resp. to Pl.'s Req. for Scheduling Conference and Req. for Scheduling Conference (July 5, 2023).

16. On May 15, 2024, the Court ordered the parties to file a Status Report. Order for Status R. (May 15, 2024).

17. On June 11, 2024, the Parties agreed that there were seven (7) pending motions and that the Summary Judgment Motions were the most important to determine which parties were still involved in the present case. Minute Entry (June 11, 2024).

18. On August 23, 2024, the Court heard arguments from both parties regarding Defendants' Motion for Declaratory Summary Judgment and took the matter under advisement. Minute Entry (Aug. 23, 2024).

## DISCUSSION

Under Rule 56(a) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Flores*, 2004 Guam 25 ¶ 7. Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 30 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

4

(1986). Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The issue before this court is whether Plaintiff's actions amount to a breach of his duties owed to the Trust and, if so, whether such breach subjects Plaintiff to removal as co-trustee for the Trust.

## I. The Undisputed Facts

The following facts are not in dispute: P.D. Hemlani and Radhi formed the RPT in 1997. Compl., Ex. 6 (Dec. 17, 2013). Under the trust agreement, the survivor of P.D. Hemlani or Radhi was to serve as sole trustee and the survivor was entitled to the net income of the RPT for his or her lifetime. *Id.* Upon the death of the survivor, any remaining assets were to be distributed to the Radhi Foundation. *Id.* P.D. Hemlani died on March 20, 2004. Compl. at 4 (Dec. 17, 2013). As the survivor, Radhi became the sole trustee until her death on August 18, 2013. *Id.* at 2. Under the trust agreement, Jack P. Helmani, Ishwar P. Hemlani (hereinafter "Don"), and Vashi were to be appointed successor co-trustees upon the death of Radhi. Compl., Ex. 6 (Dec. 17, 2013). If any one of the three successor co-trustees died, resigned, was removed, or was found to be incapacitated, the remaining two successor co-trustees were to appoint a third successor co-trustee so that there would always be three successor co-trustees. *Id.* A majority of the successor co-trustees were to bind the trust for all purposes. *Id.* On August 4, 1998, the trust agreement was amended by P.D. Hemlani and Radhi (hereinafter "First Amendment"). Compl. at 5 (Dec. 17, 2013). The First Amendment modified the appointment of successor co-trustees to Kamlesh, Don, and Vashi. Compl., Ex. 7 (Dec. 17, 2013).

5

## II. The District Court's Order in CV12-00028 and its Applicability to Plaintiff

### i. The Foundation is the Trust's beneficiary as per the District Court's Order in CV12-00028

Although Plaintiff contends that the District Court's Order in CV12-00028, which recognizes that the Foundation is the Trust beneficiary, does not have collateral estoppel, Plaintiff misinterprets the law and is bound by that Order as a successor co-trustee.[1] Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by *a valid and final judgment*, that issue cannot again be litigated between the same parties in any future lawsuit." *San Nicolas*, 1999 Guam 19 at ¶ 12 (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194 (1970)). However, "a judgment does not become final until it has been finally determined on appeal." *Presto v. Lizama*, 2012 Guam 24 ¶ 23 (citing *In re Morrow*, 189 B.R. 793, 807 (Bankr. C.D. Cal. 1995)).

Here, Plaintiff reminds the Court that the CV12-00028 case was under appeal. Pl.'s Opp'n to Mot. for Summ. J. (June 29, 2015). However, upon review of the record, the Court finds that the Ninth Circuit appeal was voluntarily dismissed by agreement of both parties on July 31, 2015, meaning that the District Court judgment for CV12-00028 on April 29, 2015 is a final judgment.

The Supreme Court in *People v. Angoco* set forth a three-part test in determining whether the doctrine of collateral estoppel applies. *See People v. Angoco*, 2004 Guam 11. The test sets out the following three parts:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;

---

[1] *See* 6 G.C.A. § 4209(2). ("... the judgment or order is ... conclusive between the parties and *their successors in interest* by title subsequent to the commencement of the action or special proceeding, litigating the same thing under the same title and in the same capacity, provided that they have notice, actual, or constructive, of the pendency of the action or proceedings.")

6

(2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and

(3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*Id.* at ¶ 10. Part one of the test requires a determination that the issue considered in CV12-00028 of who is the Trust's beneficiary is the same issue of who is the Trust's beneficiary that will be considered in this trial. Because the relevant Trust is the same Trust that was under evaluation in CV12-00028, the issue of the Trust's beneficiary would not have changed. Thus, the issue of who is the Trust's beneficiary is sufficiently similar and material to justify invoking the doctrine. *See id.* Parts two and three of the test require an examination of the record to determine whether the issue was "litigated" and "necessarily decided." *Id.* Upon review of the record, the parties in CV12-00028 had a fair opportunity to litigate the issue and it was necessarily decided by District Court Judge Joaquin Manibusan—deciding that the Foundation was the rightful Trust beneficiary. *See* Decl. Louie Yanza, Ex. B (June 24, 2015). Thus, Defendants have met their burden in establishing that the Foundation is indeed the beneficiary of the Trust, and Plaintiff is barred by the doctrine of collateral estoppel in disputing the issue of who qualifies as the Trust's beneficiary.

### ii.    The District Court's CV12-00028 Order does not bind Plaintiff as a successor co-trustee of the Trust

Defendants maintain that under the doctrine of *res judicata*, Plaintiff is bound by the Order as a party in privity and successor co-trustee. Def.'s Reply Pl.'s Opp'n to Mot. for Summ. J. at 4-6 (Feb. 7, 2022). However, Plaintiff contends that he was not bound by the District Court's Order because he was not a party in the District Court case. Pl.'s Opp'n to Mot. for Summ. J. at 3 (June 29, 2015). 6 G.C.A. § 4209(2) codifies *res judicata* and provides:

... the judgment or order is ... conclusive between the parties and *their successors in interest* by title subsequent to the commencement of the action or special proceeding, litigating the same thing under the same title and in the same capacity, provided that they have notice, actual, or constructive, of the pendency of the action or proceedings.

In 2001, the Guam Supreme Court interpreting this section held, "[t]hree requirements must be met in order for *res judicata* to apply: (1) a final judgment on the merits; (2) the issue decided in the prior suit is identical with the issue presented in the later suit; and (3) the party against whom res judicata is asserted was a party or is in privity with a party in the prior suit." *In re Application of Leon Guerrero*, 2001 Guam 22 ¶ 24. Essentially, this section has been interpreted by courts as the statutory expression of the common law doctrine of claim preclusion. *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 15.

*Res judicata* applies where there is "a 'final judgment' or determination of an issue so no further judicial act remains to end the litigation." *Presto*, 2012 Guam 24 ¶ 23 (citing *People v. Cooper*, 57 Cal. Rptr. 3d 389, 405 (Ct. App. 2007)). "[A] final judgment extinguishes all claims with respect to all or any part of the transaction, or series of connected transactions out of which the previous action arose." *Trans Pac. Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 20. A dismissal for lack of subject matter jurisdiction is *not* a judgment on the merits and is entered without prejudice. *Stalley v. Orlando Regional Healthcare System*, 524 F.3d 1229 (2008). *See also Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977 (2010); *Ernst v. Rising*, 427 F.3d 351 (2005). If a court lacks subject matter jurisdiction, it lacks the power to reach the merits of the case. *See generally, In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994). As a general rule, a dismissal with prejudice is an adjudication on the merits. *See Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983). Here, CV12-00028 was dismissed due to

8

lack of subject matter jurisdiction without prejudice, and such dismissal is not an adjudication on the merits. Thus, the first requirement for *res judicata* to apply is not met.

The second requirement requires that the issue decided in the prior suit is identical with the issue presented in the later suit. *In re Application of Leon Guerrero*, 2001 Guam 22 ¶ 24. Here, the District Court in CV12-00028 ultimately decided on the issue of whether the Foundation was the proper beneficiary of the Trust. *See* Decl. Louie Yanza, Ex. B (June 24, 2015). The same issue is under evaluation in this case. Thus, the second requirement for *res judicata* is met.

In determining privity, "[t]he question is whether the non-party is sufficiently close to the original case to afford the application of the principle of preclusion." A decedent's successor in interest steps into the decedent's position as to a particular action. *Exarhos v. Exarhos*, 159 Cal.App.4th 898, 905 (2008). Similarly, "a new trustee 'succeed[s] to *all* the rights, duties, and responsibilities of his predecessors." *Moeller v. Superior Court*, 16 Cal.4th 1124, 1131 (1997). Here, Kamlesh is a successor co-trustee to Radhi, who was a party to the District Court's CV12-00028 case. Thus, the third requirement for *res judicata* is met.

Because the dismissal for lack of subject matter jurisdiction in CV12-00028 is not considered a final judgment on the merits, one out of the three requirements is not met. Thus, the doctrine of *res judicata* does not apply to Plaintiff, and Plaintiff is not bound by the District Court's Order in CV12-00028. However, as shown above, the Superior Court's Decision in CV0506-09 collaterally estops Plaintiff from relitigating the issue of the Trust's beneficiary.

### III.   Plaintiff's Removal as Co-Trustee

   *i.   Plaintiff owes a duty of loyalty and good faith to the Foundation as a beneficiary*

9

18 G.C.A. § 66201 emphasizes a trustee's obligation to obey the trust and states that "a trustee must fulfill the purpose of the trust, as declared at its creation, and must follow all the directions of the trustor given at that time, except as modified by the consent of all parties interested, in the same manner, and to the same extent, as an employee." Here, Kamlesh, as a co-trustee, owes a duty of loyalty to the Trust which included acting in good faith and in the best interests of the Foundation.

  ii. *Plaintiff has acquired an interest that is adverse to that of the Trust and the Foundation*

Under Guam law, 15 G.C.A. § 3317 sets forth the standard for removal of a trustee or co-trustee and states:

> The Superior Court shall have power to remove a trustee of a testamentary trust, whether or not any property has been distributed to such trustee, *who has violated or is unfit to execute the trust or has acquired any interest or become charged with any duty adverse to the interest of any beneficiary in the subject of the trust.* The Superior Court *may remove one or all of the co-trustees of a testamentary trust and appoint new trustees where the Superior Court determines that hostility*, ill feeling, or continued lack of cooperation among and between co-trustees has impaired the proper administration of the trust. The proceeding may be initiated by the Superior Court upon its own motion or by verified petition of a beneficiary of, or any other person interested in, the trust, including any person in being who shall or may participate in the corpus or income of the trust.

Here, the Court must determine whether Plaintiff's alleged adverse interest constitutes a violation of the Plaintiff's duties towards the Trust and the Foundation, as a beneficiary, and whether such violation is grounds for removal of Plaintiff as a co-trustee.

In *Brown v. Mem'l Nat'l Home Found.*, 162 Cal.App.2d 513 (1958) (reversed on other grounds), the Appellate Court affirmed the trial court's finding of hostility of the trustee towards the other beneficiaries. There, the President of Gold Star formed Memorial National Home Foundation, a charitable non-profit corporation, to serve the members of Gold Star by using the

10

assets Gold Star provided to the Foundation. *Id.* Ultimately, Gold Star's President served as President for both Gold Star and the Memorial National Home Foundation. *Id.* The President then diverted Gold Star assets away from being used to serve Gold Star members. *Id.* Such findings were grounds for removal of the President of Gold Star as trustee. *Id.*

In this case, it is undisputed that Plaintiff is a successor co-trustee for the Trust. At the same time, Plaintiff is a Director and the Vice President of the Kishore-Created Foundation, which Plaintiff seeks to substitute as the beneficiary of the Trust in place of the Foundation. Decl. Louie Yanza, Ex. A and C (June 24, 2015). On its face, there is an apparent interest, which Plaintiff has acquired, that runs adverse to the interests of the beneficiary of the Trust—the Foundation. Plaintiff seeks to divert the Trust's assets to the Kishore-Created Foundation. *See* Kamlesh Dep. at 66-68. Plaintiff's intention of wanting to substitute the Foundation with Kishore-Created Foundation is in clear violation of 18 G.C.A. § 66201 and 15 G.C.A. § 3317. Plaintiff did not provide any counterarguments in his Opposition to Defendant's Motions for Declaratory Summary Judgment nor did he do so in his detailed Memorandum in Support of His Motion for Summary Judgement re Standing. Thus, the Court agrees with Defendants that Plaintiff's interest, as Director and Vice President of the Kishore-Created Foundation, is adverse to the Foundation's interest, and Plaintiff's ability to remain loyal and act in good faith to the Trust and the Foundation is now an issue.

iii.    *There is hostility that has impaired the proper administration of the trust*

In addition to a finding that a trustee has an interest adverse to that of a trust's beneficiaries, 15 G.C.A. § 3317 also asks the Court to consider whether there is any hostility, ill feeling, or continued lack of cooperation among and between co-trustees that impairs the administration of

11

the trust. Trustees are subjected to a duty to act in good faith, and 18 G.C.A. § 65201 states that "[i]n all matters connected with his trust, a trustee is bound to act in the highest good faith toward his beneficiary, and may not obtain any advantage therein over the latter by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind." Further, a trust cannot be properly administered if there is hostility between the trustees and the beneficiary. *See Brown* at 534 (reversed on other grounds) (stating that hostility between the trustees and the beneficiary are grounds for removal of the trustees when hostility impairs the proper administration of the Trust).

Hostility between a trustee and a beneficiary is not per se a ground for removal of a trustee. *Rennacker v. Rennacker*, Ill.App.3d 712 at 715 (1987). There must be proof that the relations are such as to interfere with the beneficial administration of the trust. *Id.* (citing *Wylie v. Bushnell*, 277 Ill. 484 (1917)). Such hostility is a factor to be taken into consideration where the hostilities of the parties combine with other circumstances to render removal of the trustee essential to the interests of the beneficiary and the execution of the trust. *Id.* (citing *Jones v. Bryant*, 204 Ill. App. 609 (1917)).

In *Rennacker*, the Appellate Court reversed the trial court's denial of Plaintiff beneficiary's petition to remove the Defendant trustee. *Id.* at 715. There, the Court found that the hostilities between Plaintiff and Defendant and the apparent unwillingness to communicate on a civil level indicated a deficiency in the Defendant's ability to act as a fitting trustee. *Id.* Such hostility was supported by the Defendant's claim that he had the power, under the will, to dispose of the trust residence. *Id.* Further, the problem of how to distribute the assets of the trust was aggravated since the parties seemed unwilling or unable to communicate with each other. *Id.* Additionally, the

12

Defendant's action of investing the proceeds of the sale under his own social security number in the police credit union supported a hostile relationship between Plaintiff beneficiary and Defendant trustee. *Id.*

Similarly, hostility is apparent between the successor co-trustees and the Foundation as the Trust's beneficiary in this case. Plaintiff admitted that he has not communicated with the other co-trustees, Vasudev Hemlani and Ishwar Hemlani. Kamlesh Dep. at 81-82. Further, Plaintiff filed his Complaint and included the Foundation—the beneficiary of the Trust—as a Defendant in his suit. *See* Def. Radhi Puran Found.'s Mot. for Declaratory Summ. J. at 16 (June 24, 2015). Like in *Rennacker*, the Parties have been unable to communicate on a civil level given the intense and severe nature of the ongoing lawsuit. *Id.* Further, the problem of distributing the assets has become difficult since the parties have been unable to communicate with each other. *Id.* at 17. Plaintiff did not provide any counterarguments in his Opposition to Defendant's Motions for Declaratory Summary Judgment nor did he do so in his detailed Memorandum in Support of His Motion for Summary Judgement re Standing. Thus, the Court finds that the hostile nature of the parties' relationship has hindered the administration of the Trust and impacted the Foundation as the Trust's beneficiary.

> iv. *Given the totality of the circumstances, removal of Plaintiff would best serve the interests of the Trust and the Foundation, as its beneficiary*

Applying the facts to 15 G.C.A. § 3317, it is clear that removal of Plaintiff as co-trustee would better serve the interests of the Trust and the Foundation, as its beneficiary. Removal of Plaintiff would improve the cooperation among the co-trustees (with the appointment of one of the suggested co-trustees) and improve the administration of the Trust. Removal of Plaintiff would

13

also best serve the interest of the Foundation, which is the established beneficiary of the Trust.

Finally, removal of Plaintiff would not be inconsistent with the material purpose of the Trust.

## CONCLUSION

Viewing the disputed facts in the light most favorable of the non-moving party, the Court finds that there is no question of material fact and therefore judgment can be granted as a matter of law. Accordingly, the Court hereby **GRANTS** Defendant's Motion for Declaratory Summary Judgment.

SO ORDERED, this 12 | 4 | 2024 ,

HON. JOHN C. TERLAJE
Judge, Superior Court of Guam